UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONI LIND, et al., | CIVIL ACTION NO. 08-2678 (MLC) |
| Plaintiffs, | **N O T I C E** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., | |
| Defendants. | |

**THE COURT** examining this action to recover damages for personal injuries suffered in the Borough of Manhattan, City of New York, State of New York ("Manhattan"), which the Court notes is within the federal district for the Southern District of New York (dkt. entry no. 1, Compl.);[1] and the plaintiffs — who may be New Jersey citizens — alleging that the injuries occurred on Manhattan premises (1) operated by the defendant National Railroad Passenger Corporation, and (2) maintained by the defendant ABM Industries, Inc. ("ABM") (id. at 2);[2] and the plaintiffs alleging that ABM is "headquartered" in Manhattan (id.); and the Court having broad discretion under 28 U.S.C. § ("Section") 1404 to consider a transfer of venue to a district

---

[1] The Court appears to have subject matter jurisdiction under 28 U.S.C. § 1349. Whether the Court will have personal jurisdiction over both defendants is unclear.

[2] The plaintiffs merely allege that they "reside" in New Jersey. (Compl., at 1-2.) See Cruz v. Pa., No. 07-2225, 2008 WL 2043513, at *2 (3d Cir. May 14, 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).

where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**THE COURT HEREBY NOTIFYING THE PLAINTIFFS** that this action would have been more properly brought in the Southern District of New York, where (1) the injuries arose, the premises are located, and at least one defendant is based, i.e., Manhattan, (2) a court will be familiar with the site at issue, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) evidence will be found, (5) controlling New York law will be easily applied, and (6) citizens will have an interest in the outcome, see Holiday v. Bally's Park Place, No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) (granting motion to transfer to New Jersey even though plaintiff was Pennsylvania citizen, as New Jersey law controlled, and New Jersey where (1) accident occurred, (2) defendant headquartered and conducted business, and (3) evidence likely found), Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was Pennsylvania citizen, as defendant operated facility at issue and accident occurred in Virginia), Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as (1) defendant from, and

accident occurred in, Maryland, and (2) Maryland law applied); and it appearing that the venue where a plaintiff is receiving medical treatment for an injury does not control, <u>Rahwar v. Nootz</u>, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (granting motion to transfer, even though plaintiff was citizen of venue where action brought, and rejecting argument that action should be in home venue as medical treatment ongoing there), <u>Nanni v. Meredith Paving Corp.</u>, No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same), see <u>Riddle v. Am. Airlines</u>, No. 06-5100, 2007 WL 773758, at *1 n.1 (D.N.J. Mar. 9, 2007) (transferring action to venue of accident even though plaintiff opposed due to her health, as plaintiff had been able to travel to venue initially); and

    **THE COURT** advising the plaintiffs that they may request that the Court transfer the action to the United States District Court for the Southern District of New York now; and the Court advising the plaintiffs that if they do not so elect, then the Court — upon the appearance of the defendants — will order the plaintiffs to show cause why (1) the action should not be transferred, and (2) they should not be assessed costs.

                                                    s/ Mary L. Cooper  
                                                    **MARY L. COOPER**  
                                                    United States District Judge

**Dated:**     June 4, 2008