UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TONI LIND, et al., : CIVIL ACTION NO. 08-2678 (MLC)
   Plaintiffs, :
v. : **ORDER TO SHOW CAUSE**
NATIONAL RAILROAD PASSENGER :
CORPORATION, et al., :
   Defendants. :

**THE PLAINTIFFS** bringing this action (1) to recover damages for personal injuries suffered while on "certain premises located in the Pennsylvania Railroad Station, in New York City, New York", which is within the federal district for the Southern District of New York, and (2) against the defendants, (a) National Railroad Passenger Corporation, which owns the premises, and (b) ABM Industries, Inc., which maintains the premises (dkt. entry no. 1, Compl.; dkt. entry no. 6, Answer);[1] and

**THE COURT** having broad discretion under 28 U.S.C. § 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and it appearing that this action would have been more properly brought in the Southern District of New York, where (1) the injuries arose and the premises are located, (2) a court will be familiar

---

[1] There is jurisdiction under 28 U.S.C. § 1349.

with the site at issue, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) the defendants and evidence will be found, (5) controlling New York law will be easily applied, and (6) citizens will have an interest in the outcome, see Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (granting part of motion seeking transfer to Nevada even though plaintiff was citizen of — and medically treated in — New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) District of Nevada is more familiar with Nevada law, and (4) relevant evidence located in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was Pennsylvania citizen, as defendant operated facility at issue and accident occurred in Virginia); Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as (1) accident occurred in Maryland, and (2) Maryland law applied); and it appearing that the venue where a plaintiff is receiving medical treatment for an injury does not control, Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (rejecting plaintiff's argument — in granting motion to transfer — that action should be in plaintiff's home venue where medical

treatment was ongoing); <u>Nanni v. Meredith Paving Corp.</u>, No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same); see <u>Riddle v. Am. Airlines</u>, No. 06-5100, 2007 WL 773758, at *1 n.1 (D.N.J. Mar. 9, 2007) (transferring action to accident venue even though plaintiff opposed due to her health, as plaintiff had been able to travel to that venue initially); and it appearing that the convenience of counsel is not a consideration as to the issue of proper venue, see <u>Solomon v. Cont'l Am. Life Ins. Co.</u>, 472 F.2d 1043, 1047 (3d Cir. 1973); and

**THE COURT** thus intending to order the plaintiffs to show cause why the action should not be transferred to the Southern District of New York; and for good cause appearing;[2]

---

[2] The Court notified the plaintiffs of the venue issue previously, yet they took no steps to save judicial resources by either seeking a transfer or instituting an action in the proper venue. (<u>See</u> dkt. entry no. 3, Notice & Order.)  The defendants have objected to the New Jersey venue. (Answer at 1.)

3

**IT IS THEREFORE** on this 11th day of December, 2008 **ORDERED** that the plaintiffs shall **SHOW CAUSE** why the action should not be transferred to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404; and

**IT IS FURTHER ORDERED** that the parties, if responding, must file responses with the Court electronically by 5 P.M. on the following dates:[3]

    December 29, 2008   Plaintiffs' response
    January 6, 2009    Defendants' response
    January 12, 2009   Plaintiffs' reply; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[4] and

**IT IS FURTHER ORDERED** that if the plaintiffs fail to respond to this order to show cause, then the plaintiffs will be deemed to be in support of a transfer of venue; and

---

[3] The Court will disregard responses that are not filed electronically.

[4] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this order to show cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry. These dates have been set accordingly.

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **TUESDAY, JANUARY 13, 2009,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge