**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TONI LIND, et al., | CIVIL ACTION NO. 08-2678 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., |  |
| Defendants. |  |

**THE COURT** ordering the plaintiffs to show cause why the action should not be transferred to a more proper venue, <u>i.e.</u>, the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § ("Section") 1404 (dkt. entry no. 17, Order to Show Cause ("OTSC")); and the Court previously notifying the plaintiffs of the venue issue, and the plaintiffs failing to take any steps in response to that notice (dkt. entry no. 3, Notice & Order); and the defendants objecting to the New Jersey venue (dkt. entry no. 6, Answer at 1); and

**THE PLAINTIFFS** bringing this action (1) to recover damages for personal injuries suffered while on "certain premises located in the Pennsylvania Railroad Station, in New York City, New York", which is within the federal district for the Southern District of New York, and (2) against the defendants, (a) National Railroad Passenger Corporation, which owns the premises, and (b) ABM Industries, Inc., which maintains the premises (dkt.

entry no. 1, Compl.; see Answer); and it appearing that there is jurisdiction under Section 1349; and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and it appearing that this action would have been more properly brought in the Southern District of New York, where (1) the injuries arose and the premises are located, (2) a court will be familiar with the site at issue, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) the defendants and evidence will be found, (5) controlling New York law will be easily applied, and (6) citizens will have an interest in the outcome, see Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (granting part of motion seeking transfer to Nevada even though plaintiff was citizen of — and medically treated in — New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) District of Nevada is more familiar with Nevada law, and (4) relevant evidence located in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was Pennsylvania citizen, as defendant operated facility at issue and accident occurred in

Virginia); Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as (1) accident occurred in Maryland, and (2) Maryland law applied); and it appearing that the venue where a plaintiff is receiving medical treatment for an injury does not control, Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (rejecting plaintiff's argument — in granting motion to transfer — that action should be in plaintiff's home venue where medical treatment was ongoing); Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same); see Riddle v. Am. Airlines, No. 06-5100, 2007 WL 773758, at *1 n.1 (D.N.J. Mar. 9, 2007) (transferring action to accident venue even though plaintiff opposed due to her health, as plaintiff had been able to travel to that venue initially); and it appearing that the convenience of counsel is not a consideration as to the issue of proper venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and

    **THE COURT** ordering (1) the plaintiffs to respond by December 29, 2008, and (2) that the plaintiffs would be deemed to be in support of a transfer of venue if they failed to respond by that date (see OTSC at 4); and the plaintiffs failing to respond, even though the time to do so elapsed eleven days ago; and the Court thus intending to transfer the action to the Southern District of

New York; and for good cause appearing, the Court will issue an appropriate order.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: January 9, 2009